OPINION
{¶ 1} The defendant-appellant, Jeremy R. Caudill ("Caudill"), appeals from the judgment of the Auglaize County Common Pleas Court sentencing him to serve an 11 month prison sentence consecutive to a 17 month prison sentence for an aggregate term of 28 months.
 {¶ 2} On February 1, 2002, the Auglaize County Common Pleas Court indicted Caudill on one count of failure to appear, a violation of R.C. §§ 2937.29 and 2937.99(A), a felony of the fourth degree. On March 27, 2002, the Auglaize County Prosecutor filed a bill of information charging Caudill with having a weapon while under disability, a violation of R.C. § 2923.13(A)(2) and a felony of the fifth degree. Caudill was under disability as the result of an indictment in State v. Caudill, Auglaize County Case Number 2001-CR-145.[1] The trial court held a change of plea hearing on March 27, 2002. Caudill pled guilty to the offenses as charged, and the State of Ohio ("State") recommended community control sanctions with a reserved sentence of 17 months in prison on the indictment and a concurrent 11 month prison term on the bill of information. On May 24, 2002, the trial court held a sentencing hearing and placed Caudill on community control sanctions for five years. The judgment entry was filed on May 28, 2002, and a nunc pro tunc sentencing judgment entry was filed on July 31, 2002. Both judgment entries reserved a prison sentence of 12 months on the bill of information consecutive to 18 months on the indictment.
 {¶ 3} The State filed a motion to revoke community control on May 12, 2005 alleging that Caudill had violated the direct orders of his probation officer. Specifically, Caudill violated his community control conditions by being in Spencerville, Ohio, associating with an 11 year old child, failing to provide accurate information as to his residence, and allowing Patricia Myers to take two Vicodin tablets that were prescribed to Caudill.
 {¶ 4} On May 12, 2005, the trial court found Caudill guilty of violating his community control conditions and sentenced him to serve 11 months in prison on the bill of information consecutive to 17 months in prison on the indictment. Caudill appeals from the trial court's sentence and asserts the following assignment of error:
The trial court's ordering that the sentences of Defendant-Appellantare to be served consecutively to each other was unsupported by therecord and was contrary to law.
 {¶ 5} Caudill essentially argues that the trial court did not consider any mitigating factors when it imposed consecutive sentences. An appellate court may not modify a trial court's sentence unless it finds by clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. R.C. §2953.08(G)(2); State v. Jackson, 3rd Dist. No. 1-04-52, 2005-Ohio-1083, at ¶ 30. Clear and convincing evidence is that measure or degree of proof, which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Jackson, supra at ¶ 30 (citations omitted). Because the trial judge is in the better position to observe the defendant, an appellate court should not simply substitute its judgment for that of the trial court. Id. (citations omitted).
 {¶ 6} When a trial court imposes consecutive sentences, it must follow the requirements of R.C. § 2929.14(E)(4), which are threefold. First, the trial court must find that a consecutive sentence is necessary to protect the public from future harm or to punish the offender. Second, the trial court must find that a consecutive sentence is not disproportionate to the seriousness of the conduct and the danger posed to the public. Third, the trial court must make at least one of the three findings in R.C. § 2929.14(E)(4)(a)-(c), which provide:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The trial court is required to make these findings and state its reasons therefore on the record at the sentencing hearing. State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶¶ 20-21.
 {¶ 7} During the sentencing hearing, Caudill was questioned by his attorney concerning mitigating factors, and the trial court also questioned Caudill. The trial court had pre-sentence investigations completed, which were marked as Court's Exhibits A and B. The court then imposed sentence finding that consecutive service is necessary to protect the public from future crime, necessary to adequately punish the Defendant; that the danger posed to the public by this Defendant is great unless consecutive service is required. . . . that consecutive sentences are necessary to protect the public from future crime by the offender. . . . Also consecutive sentences are not disproportionate to the danger the Defendant poses to the public.
Hearing Tr., Aug. 8, 2005, 35-36. Thus, the trial court made the findings required under R.C. § 2929.14(E)(4). The trial court then stated in pertinent part:
For all the reasons I've enunciated as well as the reason, Mr. Caudill, you simply were given a direct order by your Probation Officer and totally blew it off, totally went against it. You had other options. . . . I believe you were in Spencerville in direct violation of your Probation Officer's direct order and your statements as contained in the PSI concerning your past conduct.
Id. at 36. The reasons the trial court had previously enunciated included the sexual abuse suffered by Caudill as a child; the importuning convictions "and all the circumstances surrounding it;" Caudill's lack of mental stability; and the direct violation of a probation officer's order to stay out of Spencerville, Ohio. Id. at 34.
 {¶ 8} The trial court concluded the sentencing hearing by noting, "you have experienced a lot of trauma in your own life in the past, and you're under pain medication and anti-depression medication. The potential risk is so great that I can't trust you." Id. at 36-37. From this record, there is clear and convincing evidence to support the trial court's sentence. The sole assignment of error is overruled.
 {¶ 9} The judgment of the Auglaize County Common Pleas Court is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] Caudill had been charged with four felony violations: gross sexual imposition, attempted gross sexual imposition, and two counts of importuning. He pled guilty to two counts of importuning, misdemeanors of the first degree.